UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD C TIDWELL,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>    Defendants. | Case No. 25-cv-04777-DMR<br><br>**ORDER GRANTING MOTION TO DISMISS CLAIMS AGAINST TRIDENT WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 45 |

Plaintiff Edward C. Tidwell, a self-represented litigant, brings this complaint against Defendants U.S. Department of Health and Human Services ("HHS"); Centers for Medicare & Medicaid Services ("CMS"); Kaiser Foundation Health Plan, Inc.; Kaiser Foundation Hospitals;[1] Trident Society, Inc. ("Trident"); Livanta LLC ("Livanta"); Ellen R. Evans M.D.; and Matthew Stofferahn M.D. Plaintiff alleges the wrongful death of his daughter on June 8, 2022 due to negligence and medical malpractice. [Docket No. 1 (Compl.).]

This order relates solely to the motion to dismiss filed by Trident. [Docket Nos. 45 (Mot.); 78 (Reply).] Trident moves to dismiss for lack of subject matter jurisdiction and failure to state a claim under Federal Rule of Civil Procedure 12(b)(1) and (6). Plaintiff filed an opposition[2] and request for judicial notice. [Docket Nos. 68 (Opp'n); 69 (Plf. RJN).]

This matter is suitable for determination without oral argument. Civ. L.R. 7-1(b). For the following reasons, Trident's motion is granted.

---

[1] The complaint names Defendant Kaiser Permanente, which has since been voluntarily dismissed by Plaintiff. [Docket No. 58.]

[2] Plaintiff's brief is styled as an "Opposition to Dismiss the Motion to Dismiss of Defendant Trident Society, Inc.; and Plaintiff's Cross-Motion for Summary Judgment." For the reasons stated in Docket No. 96, the court construes the brief only as Plaintiff's opposition to this motion.

### I. BACKGROUND

Plaintiff makes the following allegations in the complaint, which the court takes as true for purposes of this motion.[3] Plaintiff's daughter Tanesha Tidwell ("Decedent") was a patient at Kaiser Permanente from 2013 to 2022. Compl. ¶ 1. After she died in June 2022, Plaintiff alleges that Kaiser Permanente "failed to obtain Plaintiff authorization in June 2022 prior to the release of Decedent's body over to Defendant Trident for Decedent to be burned up in July 2022 solely for Defendant Trident to aid Defendant Kaiser Permanente's spoliation and destruction of evidence to camouflage Defendant Kaiser Permanente's personal injuries, negligence/medical malpractices and other causes that directly resulted in the wrongful death of Decedent." *Id.* ¶ 2. Plaintiff alleges that, without his "prior knowledge, consent or written approval," Kaiser Permanente contracted with Trident "to handle, possess, take control and transport Decedent's body (not embalmed) from Defendant Kaiser Permanente to Defendant Trident for Decedent to be gruesomely and barbarically burned up in late July 2022." *Id.* ¶ 3.

Plaintiff also alleges that Trident "accumulated massive ill-gotten gain and unjust enrichment from the theft of Decedent and Plaintiff's personal information and identification." *Id.* ¶ 29.

Plaintiff brings the following claims against Trident:

- Personal injury under California Code of Civil Procedure §§ 338, 340.5;
- Wrongful death under California Code of Civil Procedure § 377.60;
- Fraud and deceit;
- Health care fraud;
- Conspiracy to commit health care fraud;
- Fraudulent misrepresentations;
- Unjust enrichment;
- Breach of fiduciary duty.

### II. LEGAL STANDARDS

Pleadings by a self-represented litigant must be liberally construed and "held to less

---

[3] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

2

stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. The Ninth Circuit has held that "where the petitioner is pro se," courts have an obligation "to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). "This rule relieves pro se litigants from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them." *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). However, "a liberal interpretation of a pro se . . . complaint may not supply essential elements of the claim that were not initially pled." *Byrd v. Maricopa Cty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011) (en banc) (quoting *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992)).

Under Federal Rule of Civil Procedure 15(a), leave to amend should be granted as a matter of course, at least until the defendant files a responsive pleading. Fed. R. Civ. P. 15(a)(1). After that point, Rule 15(a) provides generally that leave to amend the pleadings before trial should be given "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). However, leave to amend may be denied where the complaint "could not be saved by any amendment," i.e., "where the amendment would be futile." *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).

**A.  FRCP 12(b)(1)**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(1) is a challenge to the court's subject matter jurisdiction. A court will dismiss a party's claim for lack of subject matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation and quotation marks omitted). When reviewing a 12(b)(1) motion, the court sculpts its approach according to whether the motion is "facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039

3

1    (9th Cir. 2004). A factual challenge asserts that subject-matter jurisdiction does not exist,

2    independent of what is stated in the complaint. *White*, 227 F.3d at 1242. In contrast with a facial

3    challenge, a factual challenge permits the court to look beyond the complaint, without

4    "presum[ing] the truthfulness of the plaintiff's allegations." *Id.* (citation omitted). Even the

5    presence of disputed material facts "will not preclude the trial court from evaluating for itself the

6    merits of jurisdictional claims." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987)

7    (citations omitted).

### B. FRCP 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson*, 551 U.S. at 94, and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief," *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

## III. REQUESTS FOR JUDICIAL NOTICE

A district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion unless the motion is converted to a Rule 56 motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* Under Federal Rule of Evidence 201, a court may take

4

judicial notice of "an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid. 201(b)). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). While a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, it may not take judicial notice of disputed facts stated in public records. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). "Just because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. If a court takes judicial notice of a document, it must identify the specific fact or facts it is noticing from the document. *Id*.

Plaintiff requests judicial notice of eleven exhibits:

- Exhibit 1: the Authorization for Cremation and Disposition for Trident to cremate Decedent's remains, which includes a signature from Phyllis Venson[4] dated June 21, 2022 and an e-signature from Plaintiff dated July 14, 2022;
- Exhibit 2: Plaintiff's California Driver's License, which also includes a signature from Plaintiff;
- Exhibit 3: an email exchange dated June 30, 2022 between Plaintiff and Alexandra Day, a funeral arranger for Trident, in which Day wrote to Plaintiff that, "due to the circumstances of [Decedent's] passing," Trident's legal team required that all individuals who wished to attend Decedent's viewing must sign a certain document[5];
- Exhibit 4: a DocuSign email dated July 1, 2022 stating that a "TIDWELL VIEWING CONTRACT" had been deleted and voided by Alexandra Day;
- Exhibit 5: an email exchange dated August 6 to August 7, 2025 between Plaintiff

---

[4] The document indicates that Venson is Decedent's mother and was the only person listed as having the legal right to control the disposition of Decedent's remains.

[5] It is unclear what document the email refers to.

5

and Trident's legal counsel, in which Plaintiff apparently attached a letter dated February 21, 2023 from the California Department of Consumer Affairs finding that Trident had violated Health and Safety Code section 102775 when it failed to register the death of a decedent with the local registrar within eight calendar days after death;

- Exhibit 6: Trident's Statement of Information filed with the California Office of the Secretary of State (listing "CSC – Lawyers Incorporating Service" as its agent for service of process);
- Exhibit 7: Trident's Articles of Incorporation;
- Exhibit 8: the Registered Corporate Agent for Service of Process Certificate and Statement of Information for CSC – Lawyers Incorporating Service;
- Exhibit 9: a "Search History dated October 15, 2025 of the CASOS," which includes a line stating "System Amendment – FTB Suspended – *2/1/2022*" and then a line stating "System Amendment – FTB Restore – *2/1/2022*";
- Exhibit 10: a Certification of License Status for Tiffany A. Gadison which expired on December 31, 2008;
- Exhibit 11: a Certification of License Status for Stephanie Davies which expired on July 31, 2011.

Plaintiff also requests judicial notice of his letters and emails submitted in another case filed in the Northern District of California (*Tidwell v. Centers for Medicare and Medicaid Services, et al.,* No. 24-cv-09067-RFL), documents in a case filed in the Southern District of California (*Trident Society, Inc., et al. v. Illinois Nat'l Ins. Co.,* No. 19-cv-01608-DMS/BLM), and documents in a California Court of Appeal case (*Trident Society, Inc. v. Cemetery and Funeral Bureau,* No. C098017). Plf. RJN 5.

The court takes judicial notice of Exhibits 6, 7, and 8 as matters of public record not subject to reasonable dispute.

The court denies judicial notice of Exhibits 1, 3, 4, and 5 because these are private documents, not matters of public record, and they are subject to reasonable dispute. The court cannot consider these documents as part of Plaintiff's opposition to the motion to dismiss. *See*

6

*Ritchie*, 342 F.3d at 908.

Plaintiff offers Exhibit 2 (Plaintiff's driver's license) to compare his handwritten signature with the e-signature in Exhibit 1. This is irrelevant because an e-signature does not use an individual's handwriting, and because the court cannot consider Exhibit 1 as previously explained. The court denies judicial notice of Exhibit 2 as moot.

The court denies judicial notice of Exhibit 9. It is unclear what Plaintiff means by "Search History"—for example, he does not specify which corporation he was searching or what type of history was sought. Furthermore, Plaintiff seeks to have the court conclude that Trident "was in violation for operating from November 2015 to February 2022 without a designated Agent for Service of Process, which resulted in Defendant Trident being suspended by the FTB." Plf. RJN 4. Even if the court could consider the contents of Exhibit 9, Plaintiff's conclusion is subject to reasonable dispute. The court cannot take judicial notice of Plaintiff's conclusion that Trident was suspended by the FTB for operating without a designated Agent for Service of Process.

The court denies judicial notice of Exhibits 10 and 11 and the documents from Case Nos. 19-cv-01608-DMS/BLM and C098017. Plaintiff does not explain their relevance. Neither Tiffany A. Gadison nor Stephanie Davies appeared at all in Plaintiff's complaint and were not involved in any of Plaintiff's allegations. Plaintiff also does not explain the subject matter of Case Nos. 19-cv-01608-DMS/BLM and C098017, and they appear wholly unrelated to this case.

The court denies judicial notice of Plaintiff's correspondence filed in Case No. 24-cv-09067-RFL. The court cannot consider these documents as part of Plaintiff's opposition because they are private documents, not matters of public record, and they are subject to reasonable dispute. *See Ritchie*, 342 F.3d at 908. The court also instructs Plaintiff that any exhibits in this case must be filed in this case, and not merely referenced from Case No. 24-cv-09067-RFL.[6]

### IV.    DISCUSSION

#### A.    Subject Matter Jurisdiction

A court will dismiss a party's claim for lack of subject matter jurisdiction "only when the

---

[6] For example, Plaintiff requests judicial notice of "Plaintiff's correspondence dated September 25, 2024." Plf. RJN 5. Instead of attaching this correspondence to the request for judicial notice, however, Plaintiff directs the court to Exhibit 13 of Plaintiff's Complaint in Case No. 24-cv-09067-RFL. This is improper.

claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co.*, 523 U.S. at 89. The court has federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. §1331. The court also has supplemental jurisdiction over claims that form part of the same case or controversy as the federal claims. *See* 28 U.S. Code § 1367.

Trident argues that the court lacks subject matter jurisdiction over the case. Mot. 10-11. Trident fails to address that Plaintiff's complaint brings three claims under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552 against CMS and Livanta.[7] Compl. ¶¶ 115-133. The court has federal question jurisdiction over Plaintiff's FOIA claims. Trident does not dispute that the FOIA claims form part of the same case or controversy as Plaintiff's state law claims against Trident. The court exercises supplemental jurisdiction over Plaintiff's claims against Trident.

The court finds that it has subject matter jurisdiction.

### B. Failure to State a Claim

To state a claim, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In addition, "Federal Rule of Civil Procedure 9(b) requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (citing Fed. R. Civ. P. 9(b)).

Plaintiff's complaint does not plead enough facts for the court to reasonably infer that Trident engaged in actionable conduct. For example, Plaintiff alleges in a conclusory manner that Kaiser Permanente "failed to obtain Plaintiff authorization in June 2022 prior to the release of Decedent's body over to Defendant Trident." Compl. ¶ 2. Plaintiff does not plead facts to support that either Kaiser Permanente or Trident was required to obtain his authorization prior to Trident

---

[7] CMS and Livanta filed motions to dismiss [Docket Nos. 41, 121], which will be addressed separately from this order. CMS did not move to dismiss Plaintiff's FOIA claims to the extent they are premised on Plaintiff's second FOIA request, #111420247047. [Docket No. 121 at 2.] As a result, there is at least one federal claim that is not subject to a pleadings challenge.

taking possession of Decedent's remains.  As another example, Plaintiff makes a conclusory allegation that Trident "accumulated massive ill-gotten gain and unjust enrichment from the theft of Decedent and Plaintiff's personal information and identification." *Id.* ¶ 29.  Plaintiff provides no facts to support this statement.  It is entirely unclear what actions Trident took to allegedly steal Decedent and Plaintiff's personal information and identification.  To the extent Plaintiff's claims are based in fraud, Plaintiff does not state the time, place, or manner of each act of fraud, or the role of each defendant in the fraud.  *See Lancaster Cmty. Hosp.*, 940 F.2d at 405.

In his opposition brief, Plaintiff simply reiterates his conclusory statements.  He argues that Trident "burning up Plaintiff's dear daughter's body under the faulty contract was more than wrongful, it was gruesome and barbaric."  Reply 7.  Plaintiff has not pleaded sufficient facts for the court to reasonably infer that there was a flawed contract or that Trident cremated Decedent's remains without appropriate authorization.  Plaintiff also argues that Trident "stole and used Plaintiff's identification and personal information," and that Trident "falsified and made fraudulent misrepresentations to Plaintiff from July 1, 2022 to July 14, 2022."  *Id.*  As previously explained, Plaintiff has not pleaded what Trident did to steal his identification and personal information, nor has he pleaded what false or fraudulent statements Trident made to him, in what time, place, or manner.

Plaintiff's opposition cites various sections of the California Business and Professions Code regarding funeral establishments and directors.  Reply 8-10.  These citations are unavailing because they do not appear to have anything to do with the claims or allegations in Plaintiff's complaint.[8]

Plaintiff's allegations do not meet the pleading standards of Rule 12(b)(6), let alone the heightened pleading standards of Rule 9(b).  Because Plaintiff's complaint is unclear and fails to plead any wrongful conduct on the part of Trident, the court does not analyze the elements of each of Plaintiff's eight claims against Trident.  Plaintiff's claims are dismissed.

---

[8] For example, Plaintiff cites Cal. Bus. & Prof. Code § 7616.2, which states: "A licensed funeral establishment shall at all times employ a licensed funeral director to manage, direct, or control its business or profession." Opp'n 8-9.  Plaintiff has not pleaded that Trident failed to employ a licensed funeral director.

9

## V. CONCLUSION

The court has subject matter jurisdiction over the case. The court dismisses the claims against Trident because Plaintiff has failed to plead facts that state a claim.

Given Plaintiff's self-represented status, and in light of the policy in favor of allowing amendment that must be "applied with extreme liberality," *Eminence Capital*, 316 F.3d at 1051, the court cannot say with certainty that amendment is futile. Therefore, Plaintiff's claims against Trident are dismissed with leave to amend.

Plaintiffs' amended complaint is due March 2, 2026.[9] Plaintiff must plead his best case and is forewarned that a further pleading failure may result in dismissal of claims against Trident without leave to amend.

The court refers Plaintiff to the link entitled "Representing Yourself" on the Court's website, located at https://cand.uscourts.gov/pro-se-litigants/, as well as the Court's Legal Help Centers for unrepresented parties. Parties may schedule an appointment by calling 415-782-8982 or emailing FedPro@sfbar.org.

**IT IS SO ORDERED.**

Dated: December 30, 2025

                                            Donna M. Ryu
                                            Chief Magistrate Judge

---

[9] In the interest of efficiency and judicial economy, this due date has been set to occur after the scheduled hearings on the remaining motions brought by the Kaiser Defendants and the Federal Defendants. [Docket Nos. 82, 91, 121.]