UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD C TIDWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>    Defendants. | Case No. 25-cv-04777-DMR<br><br>**ORDER GRANTING MOTION TO DISMISS CLAIMS AGAINST LIVANTA, EVANS, AND STOFFERAHN WITH PREJUDICE**<br><br>Re: Dkt. No. 41 |

Plaintiff Edward C. Tidwell, a self-represented litigant, brings this complaint against Defendants U.S. Department of Health and Human Services ("HHS"); Centers for Medicare & Medicaid Services ("CMS"); Kaiser Foundation Health Plan, Inc.; Kaiser Foundation Hospitals;[1] Trident Society, Inc. ("Trident"); Livanta LLC ("Livanta"); Ellen R. Evans M.D.; and Matthew Stofferahn M.D. Plaintiff alleges the wrongful death of his daughter on June 8, 2022 due to negligence and medical malpractice. [Docket No. 1 (Compl.).]

This order relates solely to the motion to dismiss filed by Livanta, Evans, and Stofferahn ("Livanta Defendants"). [Docket Nos. 41 (Mot.); 65 (Reply).] Plaintiff opposes the motion. [Docket No. 49 (Opp'n).]

Plaintiff filed a request for judicial notice pertaining to this motion. [Docket No. 50 (Plf. RJN).] Livanta Defendants also filed a request for judicial notice. [Docket No. 64 (Livanta RJN).] Plaintiff opposed Livanta Defendants' request for judicial notice. [Docket No. 67 (Opp'n Livanta RJN).]

This matter is suitable for determination without oral argument. Civ. L.R. 7-1(b). For the

---

[1] The complaint names Defendant Kaiser Permanente, which has since been voluntarily dismissed by Plaintiff. [Docket No. 58.]

reasons stated below, Livanta Defendants' motion to dismiss is GRANTED.

**I.    BACKGROUND**

Plaintiff makes the following allegations in the FAC, which the court takes as true for purposes of this motion.[2] Plaintiff's daughter Tanesha Tidwell ("Decedent") was a patient at Kaiser Permanente from 2013 to 2022. Compl. ¶ 1. She died in June 2022, and Plaintiff alleges that her death was caused by Kaiser Permanente's wrongful conduct. *Id.* ¶ 2.

Plaintiff alleges that in June 2023 he filed a request for an Independent Medical Review of his daughter's care by the California Department of Managed Health Care ("DMHC"). *Id.* ¶ 23. On November 29, 2023, DMHC forwarded his request to the Centers for Medicare & Medicaid Services ("CMS") to begin a Medicare appeals process. Compl. Ex. E, ECF 64. According to Plaintiff, as part of the Medicare appeals process, Livanta conducted a quality of care review in 2024. Compl. ¶ 82. Plaintiff alleges that Livanta was not a "State registered or an accredited 'Medicare/Medicaid' facility or provider," and that Evans and Stofferahn were not "licensed physicians recognized by the MBP [Maryland Board of Physicians] and the DHP [Virginia Department of Health Professions]" and therefore "weren't in position to render an honest and good faith quality of care review to afford Plaintiff the relief sought." *Id.* ¶¶ 51, 60. Plaintiff alleges that "Evans and Stofferahn deliberately lied from September 1, 2024 to October 31, 2024 to the date hereof purporting to be licensed physicians recognized by the MBP and the DHP for the duration of the faulty quality of care review process." *Id.* ¶ 28. Plaintiff also alleges that Livanta "accumulated massive ill-gotten gain and unjust enrichment from the theft of Decedent and Plaintiff's personal information and identification." *Id.* ¶ 29.

Plaintiff brings the following claims against Livanta, Evans, and Stofferahn:

- Personal injury under California Code of Civil Procedure §§ 338, 340.5;
- Fraud and deceit;
- Health care fraud;
- Conspiracy to commit health care fraud;

---

[2] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

2

- Fraudulent misrepresentations;
- Unjust enrichment;
- Breach of fiduciary duty.

Plaintiff also brings three claims under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552 against Livanta.

## II.   LEGAL STANDARDS

Pleadings by a self-represented litigant must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. The Ninth Circuit has held that "where the petitioner is pro se," courts have an obligation "to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). "This rule relieves pro se litigants from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them." *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). However, "a liberal interpretation of a pro se . . . complaint may not supply essential elements of the claim that were not initially pled." *Byrd v. Maricopa Cty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011) (en banc) (quoting *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992)).

Under Federal Rule of Civil Procedure 15(a), leave to amend should be granted as a matter of course, at least until the defendant files a responsive pleading. Fed. R. Civ. P. 15(a)(1). After that point, Rule 15(a) provides generally that leave to amend the pleadings before trial should be given "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). However, leave to amend may be denied where the complaint "could not be saved by any amendment," i.e., "where the amendment would be futile." *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).

### A.   FRCP 12(b)(1)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(1) is a challenge to the court's subject matter jurisdiction. A court will dismiss a party's claim for lack of

subject matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation and quotation marks omitted). When reviewing a 12(b)(1) motion, the court sculpts its approach according to whether the motion is "facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A factual challenge asserts that subject-matter jurisdiction does not exist, independent of what is stated in the complaint. *White*, 227 F.3d at 1242. In contrast with a facial challenge, a factual challenge permits the court to look beyond the complaint, without "presum[ing] the truthfulness of the plaintiff's allegations." *Id.* (citation omitted). Even the presence of disputed material facts "will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (citations omitted).

### B. FRCP 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson*, 551 U.S. at 94, and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief," *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

4

### III. REQUESTS FOR JUDICIAL NOTICE

A district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion unless the motion is converted to a Rule 56 motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* Under Federal Rule of Evidence 201, a court may take judicial notice of "an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid. 201(b)). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). While a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, it may not take judicial notice of disputed facts stated in public records. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). "Just because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. If a court takes judicial notice of a document, it must identify the specific fact or facts it is noticing from the document. *Id.*

Plaintiff requests judicial notice of three exhibits: 1) Health Care Financing Administration Ruling ("HCFAR") No. 98-1-5; 2) an indictment from 2013 in Michigan against individuals who were "not licensed to practice medicine" but who "billed Medicare in the name of a licensed physician for purported medical services"; and 3) the Social Security Administration's Program Operations Manual System ("POMS") HI 00401.295, which discusses state licensing procedures for practicing physicians. Plf. RJN 2-3. The court denies judicial notice because the documents are irrelevant to Plaintiff's allegations. HCFAR 98-1-5 concerns the licensing requirements to enroll a physician in the Medicare Part B program. It does not concern the licensing requirements of individuals conducting a Medicare quality of care review. Likewise, the 2013 indictment and the POMS entry are about licensing requirements for physicians who provide medical services such as treatment for patients. Plaintiff makes no argument that a Medicare quality of care review

5

is a medical service. Plaintiff never alleges that Livanta, Evans, or Stofferahn provided medical services.

Livanta Defendants request judicial notice of three exhibits: 1) the medical license for Matthew Ehrich Stofferahn, M.D. from the Nevada State Board of Medical Examiners; 2) the medical license for Ellen Richardine Evans, M.D. from the Nebraska Dept. of Health and Human Services; and 3) the medical license for Ellen Richardine Evans, M.D. from the Oklahoma Board of Medical Licensure and Supervision. Livanta RJN. Plaintiff does not dispute the authenticity of the documents. Opp'n Livanta RJN. The court takes judicial notice of Livanta Defendants' exhibits because they are matters of public record and not subject to reasonable dispute. *Lee*, 250 F.3d at 690.

Plaintiff also attached several exhibits to his opposition to the Livanta motion to dismiss without requesting that the court take judicial notice of them.[3] These exhibits are 1) a Medicare Quality of Care Complaint Form submitted by Plaintiff on September 3, 2024 regarding Kaiser Permanente's initial enrollment of Decedent in 2013; 2) Docket No. 28 in this case, which is a request for judicial notice of various documents attached to his FOIA complaint filed in this judicial district in *Tidwell v. Centers for Medicare and Medicaid Services, et al.*, No. 24-cv-09067-RFL; 3) and the memorandum order in *Thomas v. Harder*, No. 23-35456, 2024 WL 4403868 (9th Cir. Oct. 4, 2024), *cert. denied,* 145 S. Ct. 1430, 221 L. Ed. 2d 554 (2025). The court does not consider Plaintiff's first two exhibits for purposes of this motion because they do not affect the court's holding. For purposes of this motion to dismiss, the court must take as true Plaintiff's allegations that he made a Medicare quality of care complaint in 2024, that Livanta is not a registered Medicare/Medicaid facility, and that Evans and Stofferahn are not licensed to practice medicine in Maryland or Virginia. Plaintiff's evidence supporting these allegations does not affect the court's analysis. Plaintiff's other pieces of evidence from Docket No. 28, such as Plaintiff's letters, emails, and photographs, are not matters of public record and are inappropriate for judicial notice. Finally, with respect to *Thomas v. Harder*, the court addresses it below.

---

[3] Plaintiff's opposition to Livanta Defendants' request for judicial notice attaches several more documents. Opp'n Livanta RJN, ECF 7-27. The court declines to consider these documents as Plaintiff has not requested judicial notice of them or described them in his brief.

6

## IV. DISCUSSION

Livanta Defendants bring a factual challenge regarding subject matter jurisdiction. As such, the court may look beyond the complaint to decide this motion. *White*, 227 F.3d at 1242.

Livanta Defendants represent that Livanta is a Beneficiary and Family Centered Care Quality Improvement Organization ("BFCC-QIO"). Mot. 4; Reply 2. As a BFCC-QIO, Livanta contracts with CMS to receive complaints filed by Medicare beneficiaries and to conduct independent reviews of whether the quality of Medicare-covered services provided to a beneficiary meets the jurisdiction's recognizable standards of care. Mot. 4. Plaintiff does not dispute this description of Livanta or its relationship with CMS. Livanta Defendants also represent that Evans and Stofferahn were employees[4] of Livanta in the relevant time period, which Plaintiff again does not dispute. It is reasonable to infer these facts from Plaintiff's complaint and its attachments.

Livanta Defendants argue that they are entitled to absolute immunity from suit for their performance of tasks under contract with CMS. They assert that Livanta is a BFCC-QIO authorized by 4 U.S.C. § 1320c-3(a)(1)(B). Courts have held that medical peer review groups contracted by the federal government to promote the quality of the Medicare program are "acting as federal officials for immunity purposes." *Kwoun v. Se. Missouri Pro. Standards Rev. Org.*, 811 F.2d 401, 407 (8th Cir. 1987). Courts have concluded that these groups are entitled to absolute immunity from suit when engaging in the quality of care review process. *Id.* at 408-409; *see also Wittenberg v. Oklahoma Health Care Auth.*, 781 F. Supp. 2d 1221, 1237 (N.D. Okla. 2011) (finding that the review process conducted by QIO-Like Entities is sufficiently analogous to judicial processes to justify a grant of absolute immunity for their review functions).[5]

---

[4] In reply, Livanta Defendants state that Plaintiff's quality of care review was actually performed by independent physician reviewers, and that Evans and Stofferahn are simply part of Livanta's management. Reply 2 n.1. The court does not consider this factual statement because Livanta Defendants did not provide supporting evidence and Plaintiff had no opportunity to respond to it.

[5] The six nonexclusive factors to determine whether absolute immunity applies to a quasi-judicial function are: "(a) the need to assure that the individual can perform his functions without harassment or intimidation; (b) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (c) insulation from political influence; (d) the importance of precedent; (e) the adversary nature of the process; and (f) the correctability of error on appeal." *Cleavinger v. Saxner,* 474 U.S. 193, 202 (1985).

Plaintiff does not dispute that a BFCC-QIO such as Livanta is entitled to absolute immunity from suits arising from its performance of a Medicare quality of care review. Plaintiff's only argument against absolute immunity is that Evans and Stofferahn were not acting in their authority as federal officials because they were not licensed as physicians in Maryland and Virginia. Plaintiff apparently focuses on Maryland and Virginia because Evans and Stofferahn maintain offices in Livanta's business locations in those states. *See* Opp'n Livanta RJN 3-4. The record indicates that Evans is a licensed physicians in Nebraska and Oklahoma, and Stofferahn is a licensed physician in Nevada. Livanta RJN. Plaintiff fails to explain why the employees of a BFCC-QIO must be licensed as physicians in the specific states of the BFCC-QIO's office locations. Plaintiff's citations in his request for judicial notice are inapposite; as explained earlier, the laws and statutes cited by Plaintiff relate only to the licensing requirements of a physician providing medical services in a state. Being employed by a BFCC-QIO is not the same thing as providing medical services in a state.[6]

Plaintiff's citation to *Thomas v. Harder* also does not help him. That case involved a disciplinary proceeding by a state medical board, not a Medicare quality of care review. The Ninth Circuit held that members of state medical boards are entitled to absolute immunity for actions undertaken in connection with disciplinary proceedings, and the medical boards' staff investigators are entitled to qualified immunity. *Thomas*, 2024 WL 4403868, at *1. Plaintiff's case is distinguishable because he is not challenging the actions of a state medical board or its staff.

Plaintiff does not dispute that his claims against Livanta Defendants relate solely to their contractual duties with CMS pursuant to 4 U.S.C. § 1320c-3(a)(1)(B). Plaintiff does not dispute that, if Livanta Defendants acted within their statutory authority, they are entitled to absolute immunity for their conduct regarding the quality of care review in Plaintiff's case. Plaintiff raises no facts in the complaint, in opposition, or in his requests for judicial notice to suggest that

---

[6] Plaintiff also fails to explain his allegation that Livanta needed to be a State registered or an accredited Medicare/Medicaid facility or provider to render a good faith quality of care review. Under 42 CFR 475.105, BFCC-QIOs generally are prohibited from being health care facilities in the QIO area.

8

Livanta Defendants acted outside of their statutory authority.

With respect to Plaintiff's FOIA claims, Plaintiff cannot state a FOIA claim against Livanta as a matter of law.  Under federal statute, FOIA does not apply to BFCC-QIOs such as Livanta.  *See* 42 U.S. Code § 1320c-9(a).  Plaintiff does not dispute this.

The court finds that amendment would be futile because absolute immunity applies and because Plaintiff cannot state a FOIA claim against Livanta as a matter of law.  Plaintiff's claims against Livanta Defendants are dismissed with prejudice and without leave to amend.

## V.   CONCLUSION

Plaintiff's claims against Livanta Defendants are dismissed with prejudice and without leave to amend.  The clerk is directed to enter judgment for Livanta Defendants against Plaintiff.

**IT IS SO ORDERED.**

Dated: December 30, 2025

_____
Donna M. Ryu
Chief Magistrate Judge