UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD C. TIDWELL,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>Defendants. | Case No. 25-cv-04777-ASK<br><br>**ORDER RE MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. Nos. 82, 84, 91, 102, 121 |

Plaintiff Edward Tidwell sues Defendants for various claims related to the alleged wrongful death of his daughter and the alleged mishandling of both her remains and evidence related to her death. Defendants Kaiser Foundation Hospitals and Kaiser Foundation Health Plan, Inc. (together "Kaiser") now move to compel arbitration. Dkt. No. 82.[1] In the alternative, Kaiser moves for a more definite statement. Dkt. 91. The Centers for Medicare & Medicaid Services and United States Department of Health and Human Services (together, "Federal Defendants") move to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim. Dkt. 121. Plaintiff moves to restore the entry of default against non-party Kaiser Permanente. Dkt. 102.

Having considered the briefing, and with the benefit of oral argument on March 4, 2026, the Court **GRANTS** Kaiser's motion to compel arbitration and **STAYS** the claims against Kaiser because a valid arbitration agreement encompasses Plaintiff's claims.[2] Based on the discussion at

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] Shortly before the hearing on this matter, Plaintiff amended his complaint to address the shortcomings in his complaint against Defendant Trident, as discussed in the Court's Order granting Trident's motion to dismiss with leave to amend. Dkt. 45, 138. The amended complaint, however, addressed only Mr. Tidwell's claims against Trident and omitted claims against the other Defendants. At the hearing, Mr. Tidwell orally indicated that it was not his intent to drop the other Defendants from his lawsuit, and that he saw his recently amended complaint (Dkt. 138) as

United States District Court
Northern District of California

the hearing, the Court **DENIES** Federal Defendants' motion to dismiss without prejudice because the Court granted Plaintiff another opportunity to amend the complaint. Plaintiff's Second Amended Complaint is due April 3, 2026. Plaintiff's motion for reentry of default is **DENIED** because Kaiser Permanente is not a valid legal entity subject to suit. Dkt. 44-2 ¶ 3.

This Order assumes the reader's familiarity with the factual allegations and procedural history of the case.

## I.      MOTION TO COMPEL ARBITRATION

According to the declarations submitted with Kaiser's motion to compel arbitration, Plaintiff's daughter "was enrolled as a Health Plan Senior Advantage member on the Medicare Medi-Cal or Special Needs Plan from May 1, 2013 until her death." Dkt. 82-11 ¶ 4. The Kaiser Permanente Senior Advantage Medicare Medi-Cal Plan North (HMO SNP) Evidence of Coverage ("EOC") summarized the terms of Ms. Tidwell's membership. Dkts. 82-3 ¶¶ 5-6, 82-4. The 2022 EOC includes, in relevant part, the following arbitration provision:

> **Scope of arbitration**
>
> Any dispute shall be submitted to binding arbitration if all of the following requirements are met:
>
> - The claim arises from or is related to an alleged violation of any duty incident to or arising out of or relating to this Evidence of Coverage or a member Party's relationship to Kaiser Foundation Health Plan, Inc. (Health Plan), including any claim for medical or hospital malpractice (a claim that medical services or items were unnecessary or unauthorized or were improperly, negligently, or incompetently rendered), for premises liability, or relating to the coverage for, or delivery of, services or items, irrespective of the legal theories upon which the claim is asserted.
>
> - The claim is asserted by one or more member Parties against one or more Kaiser Permanente Parties or by one or more Kaiser Permanente Parties against one or more member Parties.

---

addressing only his claims against Trident—with his original complaint presumably addressing the other Defendants. Given Plaintiff's stated intention, it would elevate form over substance to require that Plaintiff re-plead his claims against Kaiser in his soon-to-be-amended complaint, and force Kaiser to re-file its motion to compel arbitration, only to compel arbitration at a later time. Accordingly, this Order treats Plaintiff's original complaint as his operative complaint against Kaiser.

United States District Court
Northern District of California

- Governing law does not prevent the use of binding arbitration to resolve the claim.

Members enrolled under this Evidence of Coverage thus give up their right to a court or jury trial, and instead accept the use of binding arbitration except that the following types of claims are not subject to binding arbitration:

- Claims within the jurisdiction of the Small Claims Court.

- Claims subject to a Medicare appeal procedure as applicable to Kaiser Permanente Senior Advantage Medicare Medi-Cal Plan Members (see Chapter 9 for Medicare appeal information).

- Claims that cannot be subject to binding arbitration under governing law.

As referred to in this "Binding Arbitration" provision, "member Parties" include:

- A member.

- A member's heir, relative, or personal representative.

- Any person claiming that a duty to him or her arises from a member's relationship to one or more Kaiser Permanente Parties.

Dkt. 82-4 at 223.

The 2022 EOC specifies that the Federal Arbitration Act ("FAA") governs the arbitration agreement. *Id*. at 226. The FAA provides such agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In resolving a motion to compel arbitration under the FAA, a court's inquiry is limited to two "gateway" issues: "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. If both conditions are met, the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." *Lim v. TForce Logistics, LLC*, 8 F.4th 992, 999 (9th Cir. 2021).

### A.    A valid arbitration agreement exists.

Because "arbitration agreements are simply contracts," the "first principle" in FAA cases "is that arbitration is strictly a matter of consent." *Coinbase, Inc. v. Suski*, 602 U.S. 143, 148 (2024) (cleaned up). "Generally, parties who have not assented to an arbitration agreement cannot be compelled to arbitrate under its terms." *Namisnak v. Uber Techs., Inc.*, 971 F.3d 1088, 1094

United States District Court
Northern District of California

(9th Cir. 2020). State contract law governs "the scope of agreements (including the question of who is bound by them)." *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630 (2009).

In California, nonsignatories may be bound by arbitration agreements made by decedents. *See, e.g.*, *Ruiz v. Podolsky*, 50 Cal. 4th 838, 851 (2010) (ruling that heirs may be bound by their decedents to arbitrate wrongful death actions); *Mormile v. Sinclair*, 21 Cal. App. 4th 1508, 1511 (1994) (concluding that "a patient can bind his or her nonsignatory spouse to arbitrate a loss of consortium claim against a health care provider"); *Bolanos v. Khalatian*, 231 Cal. App. 3d 1586, 1591 (Ct. App. 1991) (compelling third-party emotional distress claim to arbitration, noting "where, as here, a patient expressly contracts to submit to arbitration any dispute as to medical malpractice, and that agreement fully complies with Code of Civil Procedure section 1295, it must be deemed to apply to *all* medical malpractice claims arising out of the services contracted for, regardless of whether they are asserted by the patient or a third party" (cleaned up)). Though Plaintiff did not himself agree to the 2022 EOC, his late daughter's arbitration agreement binds him. Dkt. 82-4 at 223 (defining "member Parties" to include "[a] member's heir, relative, or personal representative.").

Plaintiff insists the arbitration agreement is invalid for failure to comply with California Health and Safety Code § 1363.1. Alternatively, he argues that the arbitration agreement is unconscionable and/or that Kaiser waived its right to arbitrate.

### 1.    Section 1363.1

Plaintiff contends the 2022 EOC's arbitration provision is invalid for failure to comply with California Health and Safety Code § 1363.1, which provides:

> Any health care service plan that includes terms that require binding arbitration to settle disputes and that restrict, or provide for a waiver of, the right to a jury trial shall include, in clear and understandable language, a disclosure that meets all of the following conditions:
>
> (a) The disclosure shall clearly state whether the plan uses binding arbitration to settle disputes, including specifically whether the plan uses binding arbitration to settle claims of medical malpractice.
>
> (b) The disclosure shall appear as a separate article in the agreement issued to the employer group or individual subscriber and shall be prominently displayed on the enrollment form signed by each subscriber or enrollee.

4

(c) The disclosure shall clearly state whether the subscriber or enrollee is waiving his or her right to a jury trial for medical malpractice, other disputes relating to the delivery of service under the plan, or both, and shall be substantially expressed in the wording provided in subdivision (a) of Section 1295 of the Code of Civil Procedure.

(d) In any contract or enrollment agreement for a health care service plan, the disclosure required by this section shall be displayed immediately before the signature line provided for the representative of the group contracting with a health care service plan and immediately before the signature line provided for the individual enrolling in the health care service plan.

Cal. Health & Safety Code § 1363.1. An arbitration provision that fails to meet the requirements of § 1363.1 is unenforceable.

However, because Ms. Tidwell was enrolled in a Senior Advantage Medicare Medi-Cal plan, federal law preempts the requirements of § 1363.1. *See* 42 U.S.C. § 1395w-26(b)(3); *see also Clay v. Permanente Med. Grp., Inc.*, 540 F. Supp. 2d 1101, 1109 (N.D. Cal. 2007) ("To the extent California Health & Safety Code section 1363.1 purports to regulate the adequacy of any disclosures in the EOC, it is superseded by federal law, and its application here is preempted."); *Drissi v. Kaiser Found. Hosps., Inc.*, 543 F. Supp. 2d 1076, 1080 (N.D. Cal. 2008) ("As California Health & Safety Code section 1363.1 purports to regulate the adequacy of disclosures regarding arbitration agreements imposed by health plans, the foregoing federal regulations preempt its application to Medicare marketing materials."); *Wills v. Kaiser Found. Hosps.*, 2025 WL 3101976, at *4 (N.D. Cal. Nov. 6, 2025) ("[T]he [Affordable Care Act]'s amendments to the Medicaid Act — requiring a simplified enrollment process, including phone enrollment — preempt § 1363.1."); *Winninger v. Scott*, 2022 WL 3205035, at *4 (N.D. Cal. July 5, 2022) (observing that § 1363.1's disclosure requirements are "pre-empted by the clear rules governing Medicaid enrollment established by the [Affordable Care Act]."); *Hunter v. Kaiser Found. Health Plan, Inc.*, 434 F. Supp. 3d 764, 773 (N.D. Cal. 2020) (holding § 1363.1 is preempted by the Affordable Care Act and California's implementation efforts). So, the Court cannot apply § 1363.1 to invalidate the 2022 EOC's arbitration provision.

**2.    Unconscionability**

Plaintiff argues that the arbitration provision is unenforceable due to its unconscionability.

5

United States District Court
Northern District of California

In California, unconscionability includes an "absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *Lhotka v. Geographic Expeditions, Inc.*, 181 Cal. App. 4th 816, 821 (Cal. Ct. App. 2010) (cleaned up). Unconscionability has both a "procedural" and a "substantive" element. *Id*.

As to the procedural element, Plaintiff argues that the arbitration agreement is a contract of adhesion. But here, the typical concerns associated with contracts of adhesion are inapplicable because Ms. Tidwell's "heavily regulated" Medi-Cal plan was "negotiated on a system-wide level[,]" which "achieves more favorable terms than an individual would be likely to negotiate on his or her own." *Winninger*, 2022 WL 3205035, at *4 (N.D. Cal. July 5, 2022). As to the substantive element, Plaintiff does not identify any component of the arbitration agreement as being "so one-sided as to shock the conscience." *Pinnacle Museum Tower Assn. v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 246 (2012) (cleaned up). Accordingly, Plaintiff has failed to carry his "burden of proving unconscionability." *Id*. at 247.

### 3.    Waiver

Plaintiff also argues that Kaiser waived its right to arbitrate according to the 2022 EOC based on Kaiser's "unreasonable delay in seeking arbitration." Dkt. 89 at 10. But Kaiser filed the instant motion to compel arbitration a mere ten days after being served. Dkts. 73, 82. Accordingly, Plaintiff has failed to "prove by clear and convincing evidence that the waiving party knew of the contractual right and intentionally relinquished or abandoned it." *Quach v. California Com. Club, Inc.*, 16 Cal. 5th 562, 584 (2024).

### B.    The arbitration agreement encompasses Plaintiff's claims against Kaiser.

Plainly read, the 2022 EOC's arbitration provision encompasses the claims alleged against Kaiser. Dkt. 82-4 at 223. Plaintiff does not contend otherwise.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Kaiser's motion to compel arbitration and **STAYS** the claims against Kaiser pending arbitration. *Smith v. Spizziri*, 601 U.S. 472, 474, 476–78 (2024) (per curiam) (requiring stay). Because the Court compels arbitration, Kaiser's motion for a more definitive statement is **DENIED** as moot. Dkt. 91. Kaiser's administrative sealing

motion is **GRANTED**. Dkt. 84.

Based on the discussion at the hearing, the Court **DENIES** Federal Defendants' motion without prejudice because the Court granted Plaintiff— with the Federal Defendants' consent— another opportunity to amend the complaint. Plaintiff's Second Amended Complaint is due April 3, 2026. Plaintiff's motion for reentry of default is **DENIED** because Kaiser Permanente is not a valid legal entity subject to suit. Dkts. 44-2 ¶ 3, 58, 102.

This Order disposes of Dkts. 82, 84, 91, 102, and 121.

**IT IS SO ORDERED.**

Dated: March 10, 2026

_____
AJAY KRISHNAN
United States Magistrate Judge

United States District Court
Northern District of California

7